Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Kimberly Forman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Kimberly Forman<br><br>Plaintiff,<br><br>v.<br><br>Bank of America, N.A.<br><br>Defendant. | CASE NO.  2:20-cv-11243<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Intrusion Upon Seclusion<br>3. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Kimberly Forman, an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. Plaintiff brings this action against Bank of America, N.A. in response to receiving approximately one hundred and twenty-three (123) telephone calls and text messages from Bank of America, N.A. over the course several months.  These calls continued despite Bank of America, N.A. receiving two separate certified notices demanding the calls stop and informing Bank of America, N.A. that Plaintiff was represented by counsel.  Bank of America also sent multiple payment demands to

1

the Plaintiff through email and regular mail despite knowing she was represented by counsel.

2. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts, and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

3. Plaintiff brings this action against Defendant Bank of America, N.A. (hereinafter "Defendant" or "Bank of America") for its abusive and outrageous conduct in connection with debt collection activity.

4. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

8. This venue is proper pursuant to 28 U.S.C. §1391(b).

9. Plaintiff resides in the Southern Division of the Central District.

10. The contract entered into between Plaintiff and Bank of America was executed in Los Angeles County, California.

11. Bank of America, N.A. maintains hundreds of banking locations throughout the greater Los Angeles, California area.

## GENERAL ALLEGATIONS

12. Plaintiff Kimberly Forman (hereinafter "Plaintiff") is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

13. At all relevant times herein, Bank of America was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

14. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

15. Plaintiff opened an unsecured credit account with Defendant in early 2015.

16. The account Plaintiff opened with Defendant was primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

17. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household

purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

18. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

19. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

20. Plaintiff's account was an unsecured credit card and Plaintiff began making payments on the account shortly after it was opened.

21. Plaintiff was making payments on the account for several years before she became financially unable to keep up with the monthly payments.

22.  Defendant began contacting Plaintiff late March of 2020 to inquire about the status of the account and to collect on the payments that were no longer being made.

23. Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

24. Counsel for Plaintiff sent Defendant an initial letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

25. The contents of the letter also informed Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone if any such consent had ever been previously given.

26. Counsel for Plaintiff sent the letter of representation to Defendant through certified mail on April 22, 2020. Defendant received the certified letter on April 24, 2020.

27. Plaintiff informed Defendant that she was revoking her consent to be called on her cellular telephone in April of 2020.

28. Defendant continued to contact Plaintiff even after it had received Plaintiff's April 22, 2020 letter. The type of contact was through daily telephone calls and text messages.

29. A second certified letter was sent on October 12, 2020 again informing Bank of America that Plaintiff had retained counsel and that she had previously revoked her consent to be contacted by an ATDS.

30. Bank of America received the October 12, 2020 certified letter on October 19, 2020.

31. Undeterred, Bank of America continued to place calls to Plaintiff's cellular telephone and send text messages despite being aware that Plaintiff was represented by counsel with respect to the Bank of America account and that Plaintiff had revoked her consent to be contacted by an ATDS.

32. Between approximately May 1, 2020 – October 31, 2020 Bank of America contacted Plaintiff on at least 123 (one hundred and twenty-three) separate occasions despite receiving notice that Plaintiff was represented by counsel and that she was revoking her consent to be contacted on her cellular telephone.

33. Bank of America also sent at least fifteen text messages to Plaintiff.

34. The actual call volume may be much higher as the number of calls placed by Bank of America to Plaintiff have overwhelmed Plaintiff and caused her to experience a significant amount of anxiety and stress.

35. Defendant would often call Plaintiff numerous times each day demanding payment on the account.

36. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

37. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant and that Plaintiff revoked consent to be contacted on her cellular telephone.

38. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

39. Defendant intentionally ignored Plaintiff's two certified letters of representation of revocation of consent and willfully attempted to coerce Plaintiff into making payment on her account by bombarding her cellular telephone with auto dialed calls.

40. Bank of America intended to frustrate and annoy Plaintiff at all time of the day, regardless of where Plaintiff was, in an attempt to have her make payments on the account.

41. Despite receiving written notice on two separate occasions regarding Plaintiff's representation by counsel and revocation of her consent to be contacted on her cellular telephone Defendant continued to call and contact Plaintiff daily regarding her account with Defendant.

**FIRST CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Bank of America)

42. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

43. Plaintiff provided written notice via certified mail, two separate times, that she was represented by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

44. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

45. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

46. Plaintiff received over 123 calls and from Defendant.

47. Plaintiff received at least 15 text messages from Defendant.

48. Plaintiff received various payment demands mailed to her home address from Defendant.

49. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## SECOND CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Bank of America)

50. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

51. Defendant placed at least 123 calls to Plaintiff.

52. Defendant sent at least 15 text messages to Plaintiff.

53. Defendant mailed various collection notices to Plaintiff.

54. Plaintiff was contacted multiple times per day by Defendant.

55. Defendant violated Cal. Civ. Code §1788.11 by calling Plaintiff over 123 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

# THIRD CAUSE OF ACTION
(Intrusion Upon Seclusion)
(Against Defendant Bank of America)

56. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

57. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

58. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

59. Bank of America intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

60. Bank of America intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

61. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

62. These intrusions and invasions against Plaintiff by Bank of America occurred in a way that would be highly offensive to a reasonable person in that position.

63. Bank of America received, on two occasions, notice stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

64. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Bank of America.

65. Bank of America also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## FOURTH CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant Bank of America Bank)

66. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

67. Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant in April of 2020 and again in October of 2020.

68. Defendant called Plaintiff at least 123 (one hundred and twenty-three) times since Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

69. Defendant sent at least 15 (fifteen) text messages to Plaintiff.

70. Defendant was notified, two separate times, that Plaintiff had revoked her consent to be contacted on her cellular telephone by an automatic dialing machine, however, despite being Plaintiff's revocation, Bank of America continued place calls to Plaintiff's cellular telephone without her consent and with complete disregard the prior notice that was received by Bank of America.

71. Defendant would contact Plaintiff nearly daily regarding payment on the accounts.

72. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

73. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

74. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

75. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in July of 2020.

76. Overall Plaintiff was contacted at least 123 (one hundred and twenty-three) times by Defendant on her cellular phone.

77. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of actual, statutory, and punitive damages.

    **b.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

    **c.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32.

    **d.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

    **e.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation; and

    **f.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: December 11, 2020   By:   */s/ Joe Angelo*
                                                   Joe Angelo
                                                   Elliot Gale

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: December 11, 2020

*/s/ Joe Angelo*
Joe Angelo
Elliot Gale
Attorneys for Plaintiff